Kenneth JAWORSKI, Plaintiff-Appellant,

v.

Wilbur SCHMIDT, et al.,
Defendants-Appellees.

No. 80–2505.

United States Court of Appeals,
Seventh Circuit.

Argued June 3, 1982.

Decided July 19, 1982.

Rehearing Denied Oct. 13, 1982.

Adrian N. Cohen, Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., for plaintiff-appellant.

Defendants-appellees waived oral argument.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and GRANT, Senior District Judge.*

BAUER, Circuit Judge.

Appellant Kenneth Jaworski, a former Wisconsin prison inmate, sued Sanger Powers, then Administrator of the Wisconsin Department of Corrections,[1] under 42 U.S.C. § 1983 alleging that Powers violated Jaworski's civil rights.[2] The district court granted Jaworski's motion for partial summary judgment on his claim that the manner in which Powers rescinded Jaworski's parole grant violated due process. Thereafter, the court permitted Powers to amend his answer to plead the affirmative defense of good faith. Jaworski moved to strike the defense as inapplicable in light of *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), and a Wisconsin statute indemnifying state officials for damages liability arising from their good faith execution of their duties. Wis. Stat. § 270.58(1) (1971).[3] The district court denied Jaworski's motion on September 3, 1980, and entered judgment on September 19, 1980, granting Jaworski certain injunctive relief and dismissing his claim for damages. Following entry of judgment, the parties stipulated that Powers acted in subjective and objective good faith in connection with his acts related to the rescission of Jaworski's parole and that the rescission of Jaworski's parole was unconstitutional.

The only issue presented on appeal is whether a state official enjoying qualified immunity may assert the good faith defense when a state statute indemnifies him for any damages liability incurred as a result of his good faith execution of his duties. We hold that the existence of the state indemnification statute is irrelevant for purposes of determining whether the good faith defense may be raised. Therefore, we affirm the judgment of the district court.

I

Public officials who enjoy qualified immunity may assert their good faith as a complete defense to damages liability under 42 U.S.C. § 1983. *See, e.g., Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Qualified immunity has been extended to public officials because overriding public policy considerations demand that these officials be guaranteed protection from personal liability. *Scheuer v. Rhodes,* 416 U.S. 232, 241–42, 94 S.Ct. 1683, 1689, 40 L.Ed.2d 90 (1974); *Knell v. Bensinger,* 522 F.2d 720, 724 (7th Cir. 1975). It is feared that the

* The Honorable Robert A. Grant, Senior Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

1. Jaworski sued several other officials, but Jaworski's cause of action against them was dismissed.

2. Jaworski alleged that he was transferred from a minimum security prison to a maximum security facility in retaliation for exercising his first amendment rights, that he was transferred without constitutionally required procedural protections, and that he was denied his parole grant without due process. Jaworski dropped the two claims relating to the transfer.

3. Wis.Stat. § 270.58(1) (1971) provided in pertinent part:

When the defendant in any action or special proceeding is a public officer or employee and is proceeded against in his official capacity or is proceeded against as an individual because of acts committed while carrying out his duties as an officer or employee and the jury or court finds that he acted in good faith the judgment as to damages and losses entered against the officer or employee shall be paid by the state or subdivision of which he is an officer or employee.

The statute was revised in 1974, renumbered § 895.46(1)(a) in 1975, and revised again in 1979. It now provides in pertinent part:

If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment the judgment as to damages and costs entered against the officer or employee in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee.

threat of personal liability will deter public officials from executing their duties with the decisiveness required by the public good. *Scheuer v. Rhodes*, 416 U.S. at 240, 94 S.Ct. at 1688.

Jaworski concedes, as he must, that defendant Powers enjoys qualified immunity as a prison official. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978). Moreover, he concedes that Powers acted in good faith when he rescinded Jaworski's parole grant in an unconstitutional manner. He contends, however, that Powers should not be permitted to assert the good faith defense in this case because he faces no threat of personal liability since the state has agreed to indemnify him. Wis.Stat. § 270.58(1) (1971). Relying on *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), Jaworski argues that if the policy underlying the good faith defense is not implicated, the injured plaintiff should not be barred from recovering compensatory damages. We disagree.

Jaworski contends that this is a case of first impression. Although we concede that Jaworski's argument is novel, it is not original. The same argument has been raised in this court before with equally little success.

In *Stift v. Lynch*, 267 F.2d 237 (7th Cir. 1959), the plaintiff argued that we should rely on state law in determining whether justices of the peace enjoyed qualified immunity from § 1983 liability. Although Illinois law imposed civil liability on the justices, we rejected the plaintiff's argument, holding that the question of § 1983 immunity is one of federal, not state, law. *Id.* at 240.

More recently, a § 1983 defendant attempted to persuade this court that state law governs the issue of immunity. In *Hampton v. Chicago*, 484 F.2d 602 (7th Cir. 1973), *cert. denied*, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974), the defendants argued that they were absolutely immune from § 1983 liability because they enjoyed absolute immunity under state law. We again rejected the argument that state law controls the immunity question. *Id.* at 608. We held that "[i]n view of the overriding importance of federal law, the area of [a defendant's] protection cannot be either limited or expanded by a state's statutory definition." *Id.*

We believe that these cases were correctly decided, and we decline to overrule them in this instance.

■ Title 42 U.S.C., section 1983 provides a federal remedy for violations of federal civil rights. 42 U.S.C. § 1988.[4] Section 1988 provides that federal law governs issues arising in a § 1983 cause of action unless federal law is "not adapted to the object or [is] deficient in the provisions necessary to furnish suitable remedies and punish offenses against law." *Id.* State law is to be resorted to in resolving an issue if, and only if, federal law is deficient, and if, and only if, state law "is not inconsistent with the constitution and the laws of the United States." *Id.*; *Robertson v. Wegmann*, 436 U.S. 584, 590, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978); *Moor v. Alameda*, 411 U.S. 693, 702–03, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596 (1973).

Jaworski concedes that federal law is not deficient concerning whether prison officials have qualified immunity. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855,

---

**4.** 42 U.S.C. § 1988 provides in pertinent part:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

859, 55 L.Ed.2d 24 (1978). We are bound to follow this federal law, regardless of whether state law attempts to limit its public officials' immunity.

## II

Jaworski's reliance on *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), is misplaced. The Court did not hold in *Owen*, as Jaworski contends, that a defendant protected by qualified immunity cannot assert his good faith when faced with no threat of personal liability. Rather, in that case of first impression, the Supreme Court construed § 1983 to determine whether it, as a matter of federal law, accords municipalities qualified immunity. *Id.* at 635, 100 S.Ct. at 1407. The Court undertook the same statutory and common law analysis it had previously undertaken when it decided that § 1983, as a matter of federal law, accords public officials qualified immunity. *Compare id.* at 635–50, 100 S.Ct. at 1407–15 *with Wood v. Strickland*, 420 U.S. 308, 315–22, 95 S.Ct. 992, 997–1000, 43 L.Ed.2d 214 (1975), and *Scheuer v. Rhodes*, 416 U.S. 232, 238–49, 94 S.Ct. 1683, 1687–92, 40 L.Ed.2d 90 (1974). The Court decided that the policy reasons favoring qualified immunity for public officials were not implicated when the defendant was a municipal corporation. 445 U.S. at 654–56, 100 S.Ct. 1417–18. Therefore, the Court concluded that municipalities do not enjoy qualified immunity. The Court, however, indicated that it was not retreating from its well-established rule that public officials enjoy qualified immunity. *Id.* at 657, 100 S.Ct. at 1418. Thus, *Owen* is inapposite.

## III

■ Powers, a prison official, enjoys qualified immunity from § 1983 liability. Because he acted in good faith, he cannot be held liable for damages. Therefore, the judgment from which Jaworski appeals is

AFFIRMED.